**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**BIBI SALIMA HUSAIN and BIBI RABIAH HUSAIN,**

Plaintiffs,

v.

**TRANS UNION CORPORATION; CSC CREDIT SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; AND AT&T WIRELESS SERVICES,**

Defendants.

Civil No. 00-239 (PAM/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Thomas J. Lyons, Sr., Esq., for Plaintiffs.

Barbara P. Berens, Esq., for Defendant AT&T.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on December 29, 2000 on Plaintiffs' Motion to Void Settlement Agreement for Non-performance, to Compel Discovery, and to Extend the Discovery Period (Doc. No. 26). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

JAN 04 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs sued Defendants pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681. Plaintiffs' claims arise from an alleged theft of Bibi Rabbiah Husain's credit identity and the fraudulent use of her social security number to open an AT&T Wireless ("AT&T") account that acquired over $2100.00 in debt in three months. This information was disclosed to credit reporting agencies in both Bibi Rabbiah Husain's name and in her mother's name, Bibi Salima Husain. On October 18, 2000, this Court conducted a settlement conference between AT&T and Plaintiffs, during which Plaintiffs agreed to accept $7500.00 in exchange for dismissal of all claims against AT&T.

However, Plaintiffs now contend that Defendant AT&T "waited too long to pay consideration in exchange for the execution of the agreement release." (Pl. Mem. Supp. Mot. Void Settlement Agreement at 1.) At the time Plaintiffs filed the motion to void the settlement agreement on December 12, 2000, Defendant AT&T had not paid the $7500.00. Plaintiffs' counsel claims to have made numerous attempts to contact AT&T's counsel between October 18, 2000 and December 12, 2000, but Plaintiffs allege that AT&T refused to cooperate with Plaintiffs in finalizing the settlement. As a result, Plaintiffs now seek to void the settlement agreement and to compel Defendant AT&T to answer discovery requests served on August 31, 2000.

Defendant AT&T responds that the parties never agreed that the consideration would be paid on a certain date. Counsel for AT&T, Ms. Berens, avers that in past settlement dealings with Plaintiffs' counsel, Mr. Lyons, the customary practice was first to obtain a final release from the plaintiff and execute a stipulation of dismissal with prejudice before releasing the settlement check. (Berens Aff. ¶ 3.) In this case, Plaintiffs never executed a final release. Furthermore, AT&T maintains that counsel for the parties engaged in several discussions from October 18 to November 27, 2000, regarding the wording of the written settlement agreement, the stipulation of dismissal, and the release. Despite these ongoing discussions, AT&T contends that on November 30, 2000, Mr. Lyons demanded a check from AT&T by the next day, December 1, and threatened to invalidate the settlement agreement if the check did not arrive. AT&T responded that it intended to issue a check but could not by the next day. After speaking with a paralegal in Mr. Lyons' office, it was Ms. Berens' understanding that Plaintiffs would execute the final settlement and release on December 2, 2000, but Plaintiffs did not sign either document. Nevertheless, AT&T forwarded a check in the amount of $7500.00 to Mr. Lyons on December 15, 2000. Mr. Lyons' office returned the check to Ms. Berens' office on December 19, 2000.

## II. DISCUSSION

"Settlement agreements are governed by basic principles of contract law." Devils Lake Sioux Tribe v. North Dakota, 917 F.2d 1049, 1055 (8th Cir. 1990) (citation omitted). To be enforceable, a settlement agreement must be based upon "a meeting of the minds on the essential terms of the agreement." Ryan v. Ryan, 193 N.W.2d 295, 297 (Minn. 1971) (citations omitted). In the present case, the parties represented to each other and to this Court that they had agreed to the material terms of the settlement. Even now, Plaintiffs do not allege that there was no meeting of the minds, and Plaintiffs do not argue that a valid settlement did not occur. The record demonstrates that both parties believed they had successfully negotiated a valid oral settlement on October 18, 2000. Representatives on behalf of the Husains and AT&T adequately and continually communicated regarding important aspects related to the settlement after that date. Plaintiffs' allegations to the contrary are not supported by the record. (Berens Aff. ¶¶ 4-20; Def. Exs. A-H.)

Plaintiffs' purported basis for seeking invalidation of the agreement is AT&T's failure to pay consideration by an arbitrary and unilaterally imposed deadline. It is noteworthy that AT&T did issue a check for $7500.00, the amount specified by the settlement, on December 15, 2000. The Court finds that AT&T did not unjustifiably delay making the $7500.00 payment. Mr. Lyons' memorialization of the settlement agreement did not set forth any

deadlines for execution of the release or for payment of consideration. (Pl. Ex. A.) In addition, any delay was partially caused by Plaintiffs' failure to execute the final release of liability. Finally, it was not unreasonable for Ms. Berens to anticipate that the settlement process and timetable would be similar to past dealings with Plaintiffs' counsel. This Court therefore concludes that Defendant AT&T did not breach the settlement agreement by refraining from paying consideration to Plaintiffs until December 15, 2000. Even if AT&T breached the settlement agreement, however, Plaintiffs' "exclusive remedy is for breach of contract," not to seek nullification of the agreement and revive their claims. Breen v. Norwest Bank Minnesota, N.A., 865 F. Supp. 574, 577-78 (D. Minn. 1994) (citation omitted).

Finally, the Court concludes that a principal motivating factor, if not the real reason, for Plaintiffs' motion to void the settlement agreement is Plaintiffs' belief that "recent case law in this jurisdiction has strengthened Plaintiffs' claims and revealed that the consideration not timely paid by Defendant was grossly inadequate." (Letter from Lyons to the Court of 12/12/00.) A party may not void a settlement agreement on the basis that it "ultimately proves to be disadvantageous." Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir. 1985) (per curiam) (citation omitted).

For the above reasons, the Court recommends that Plaintiffs' motion to void the settlement agreement should be denied. Accordingly, the

portion of Plaintiffs' motion to compel discovery and to extend the discovery schedule is moot and should also be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion to Void Settlement Agreement for Non-performance, to Compel Discovery, and to Extend the Discovery Period (Doc. No. 26) should be **DENIED**.

Dated: January 4, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under Fed. R. Civ. P. 72 and D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 23, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.